In the Matter of Allen P. DAWLEY, individually and d/b/a Dawley Development Company, Debtor.

PENNBANK, Plaintiff,

v.

Allen P. DAWLEY, individually and d/b/a Dawley Development Company and Lawrence C. Bolla, Esq., Trustee, Defendant.

In the Matter of Allen P. DAWLEY, d/b/a Dawley Development Company, Debtor.

Lawrence C. BOLLA, Esq. Trustee For Allen P. Dawley d/b/a Dawley Development Company, Plaintiff,

v.

CREDIT ALLIANCE CORPORATION et al., Defendants.

Civ. A. Nos. 83-108 ERIE, 83-109 ERIE.

United States District Court, W.D. Pennsylvania.

June 7, 1983.

John E. Egan, Franklin, Pa., for Pennbank.

James M. Greenfield, Franklin, Pa., for Allen Dawley, debtor.

Lawrence C. Bolla, Erie, Pa., trustee.

Ted J. Padden, Erie, Pa., for trustee.

OPINION

WEBER, District Judge.

These consolidated appeals were taken from Bankruptcy Court orders dismissing appellant-Pennbank's Complaint for Relief from Stay and confirming the trustee's private sale of a drilling rig fitted to a truck. The Bankruptcy Court determined that Pennbank did not have a valid perfected security interest in the rig and vehicle, and held that the trustee was entitled to sell the chattel at a private sale. The issue presently before the court is whether this decision of the Bankruptcy Court was clearly erroneous.

On October 12, 1977, Allen Dawley, debtor, purchased from Jaswell Drill Corporation in Rhode Island, "One Jaswell Model J-2400 Drilling Rig." The total selling price was $246,755 which included the price of the truck at $44,000, but with certain credits the amount actually due Jaswell was

$156,000. At the time of its purchase and at all relevant times thereafter, the rig was mounted on a Mack International 5070 Paystar truck. Security was given and accepted for the purchase money advanced by Pennbank in the form of a security agreement and filed UCC financing statements. The collateral was described as a drilling rig. No mention was made in the financing statment of the truck to which it was attached. Testimony indicated that the truck was mobile and was driven on the Pennsylvania highways to transport the rig from site to site. No certificate of title to the truck was obtained. The evidence revealed that the rig could be separated from the truck for use independently or for attachment to another truck although this was never attempted during the debtor's possession. On or about November 27, 1978, a fire damaged the drilling rig and the truck and they were returned to Rhode Island by flat bed truck for repairs, and the truck was driven back with the repaired rig through use of a transportation license plate supplied by Mr. Jaswell. (Tr. p. 86). During repairs a new serial number was attached to the rear portion of the rig. In July of 1982, a Petition was filed for the debtor in possession under Chapter 11 and thereafter Pennbank filed a complaint to release assets.

The question before the Bankruptcy Court to which we now turn was whether Pennbank was the holder of a perfected lien in the drilling rig sufficient to defeat the power of the trustee in bankruptcy to make a sale of the entire unit for the benefit of the debtor. The court found that Pennbank did not have a perfected security interest in the drilling rig because no certificate of title to the truck was obtained and the lien or security interest of Pennbank was not noted thereon. Absent a finding that the decision below was "clearly erroneous" we do not consider the secondary issue of whether the post-fire replacement drilling rig was sufficiently described by the original financing statement.

The Bankruptcy Court correctly held that the truck to which the Jaswell rig was attached was a vehicle for which a Certificate of Title was required. 75 Pa.C.S.A. § 1101. 75 Pa.C.S.A. § 1132(a) provides that a security interest in a vehicle the type for which a Certificate of Title is required is not valid against any person to whose rights an unperfected security interest is subordinate. The court found further that the truck was not "special mobile equipment" exempt from the operation of 75 Pa.C.S.A. § 1101 because it was a vehicle "designed for the transportation of persons or property to which machinery has been attached." The Bankruptcy Court made findings based on testimony and other evidence that the truck was used frequently on the highways and that the employees of the debtor were arrested at least twice for driving the vehicle without license plates or a certificate of title. The manner by which a security interest is perfected in a vehicle of the type requiring a certificate of title is set forth exclusively in 75 Pa.C.S.A. § 1132(b) which states that in order to perfect a security interest a notation must be made on the certificate of title.

The court considered the relationship of the drilling rig and the truck and concluded from the evidence that the drilling rig "lost its identity as a separate piece of equipment when built and incorporated into the Mack International Truck." We find adequate support in the record for the court's determination of this essentially factual question.

It has often been stated euphemistically that an object possessing the characteristics of a duck is, in all probability, a duck. The fact that the drilling rig was the central item for which purchase funds were advanced and that it was of greater value than the truck to which it was attached is of diminished significance when the combination of the rig and the truck appears as a motor vehicle to persons not concerned with its operation. The proper perfection of a security interest and the proper identification of the property sought to be encumbered is essential to provide notice to third parties that a valid security interest exists. The upshot of the Bankruptcy's court conclusion is that third parties might be misled,

notwithstanding a dutiful inspection of the vehicle's certificate of title, into concluding that no perfected security interest existed for the truck and the Jaswell rig as a unit. The apparent identity of the unit was an important factor to which the Bankruptcy Court attached considerable weight. The court considered numerous photographs which demonstrate the integrated nature of the equipment on appearance. The court heard testimony that to separate the drilling rig from the truck would require a crane and would take two days.

In failing to note an encumbrance on a certificate of title for the unit as a whole, Pennbank failed to provide the necessary notice and failed to perfect the security interest in accordance with the provisions of the Pennsylvania Uniform Commercial Code. 13 Pa.C.S.A. § 9302(c) & (d).

Wherefore, the Orders of the Bankruptcy Court will be affirmed.